**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2549
_____

UNITED STATES OF AMERICA

v.

WILLIAM COLON,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 09-cr-00297-001)
District Judge:  Honorable Eduardo C. Robreno
_____

Argued:  April 28, 2011
_____

Before: BARRY, HARDIMAN and TASHIMA,* Circuit Judges

(Opinion Filed:  June 30, 2011)
_____

Keith M. Donoghue, Esq. (Argued)
Michael D. Raffaele, Esq.
Brett G. Sweitzer, Esq.
Elizabeth Toplin, Esq.
Defender Association of Philadelphia
Suite 540W
601 Walnut Street
The Curtis Center

---

*  Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals
for the Ninth Circuit, sitting by designation.

Philadelphia, PA 19106

Counsel for Appellant


David L. Axelrod, Esq.  (Argued)
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-0000

Counsel for Appellee

_____

OPINION
_____

BARRY, Circuit Judge

William Colon received the statutory maximum of 120 months' imprisonment after a jury found him guilty of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g).  In this appeal, he contends that the District Court erred in admitting the testimony of two jailhouse informants and in calculating his Guidelines range.  We will affirm.

## I.  Background

### A.  The First Trial and the Motion in Limine

On April 30, 2009, a grand jury returned an indictment charging Colon with one count of possessing a firearm as a convicted felon.  Trial began on September 16, 2009, and it ended with a hung jury.

Prior to the re-trial, the government moved to admit the testimony of two newly discovered witnesses, Hon Phock and Sica Lam. Each would testify that Colon had told them, while incarcerated at the Federal Detention Center in Philadelphia, that he possessed a gun on the night in question because he was going to shoot a man named "Face" over a drug debt.

Prior to the re-trial, the District Court first heard argument on the motion in limine, indicating that it understood Colon's argument "[t]hat it's going to be confusing, and . . . the prejudicial effect will outweigh the probative value." (A104.) It ultimately decided not to rule on the motion until during the re-trial, at which time it explained,

> I guess it has been said that he either was going to shoot someone, or he was going to shoot a drug dealer over a PCP debt. . . . [T]he fact that he was going to shoot someone I think is a different way of saying that he had a gun.
>
> Not that separate from that to that effect is also an admission. That is, you can't shoot somebody unless you have a gun. I think that's a reasonable interpretation. . . .

(A261.) Slightly later, it ruled,

> [M]y take on what is going on here is that the statements by the two inmates would be admissible to the extent that they can testify that the defendant admitted to the possession of the gun in the night in question, and that the defendant had admitted that he possessed the gun because he intended to shoot someone that evening.
>
> . . . I find that both the possession of the gun and shooting someone would be intrinsic evidence. Additionally, under 404(b), that evidence would have proper purpose to show the circumstances of the case, and the reason why the defendant who now denies having the gun, had a gun that night. It would also be relevant in that this is a possession case, and the probative

3

> value, that is the admission, is not substantially outweighed by any amount of unfair prejudice.

(A264-65.) The District Court thus permitted Phock and Lam to testify that Colon admitted to possessing the gun because he was going to shoot a man named Face, but excluded any testimony as to a drug debt.

## B. The Evidence at the Re-trial

### 1. The Officers

At the re-trial, the principal testimony was that of Philadelphia Police Officers Rollie Ramos and Joseph Slobodrian. Each testified that on the night of April 11, 2009, they were assigned to patrol Philadelphia's 25th District. While heading northbound on the 2900 block of 5th Street, they noticed Colon, whom they believed was walking suspiciously and had his hands near his waistband. Colon would not answer the officers' questions about what he was doing in the area and began to run.

Colon ignored the officers' repeated commands to stop and instead ran towards a lot covered in debris and glass. To prevent him from reaching the lot, Ramos discharged his Taser into Colon's back. Colon refused to place his hands behind his back and instead attempted to run. After Ramos discharged the Taser two more times, the officers subdued Colon and placed him in handcuffs. Slobodrian, who actually cuffed Colon, testified that he was unable to cuff him as securely as he typically would. Slobodrian quickly frisked Colon, though he also did not do so thoroughly.

As Slobodrian led Colon to the police cruiser, Colon broke free. Although his

4

hands were cuffed, he was able to access a hidden handgun and — according to Slobodrian's testimony — point the gun at both officers. The gun fell to the floor without being fired, but during the ensuing scuffle, Colon repeatedly kicked the officers, and the officers punched and kicked Colon. Ramos also discharged the Taser at him four more times. Colon was eventually subdued, and the firearm was recovered.

## 2. The Informants

Consistent with the District Court's ruling on the motion in limine, both Phock and Lam testified that Colon had informed them that he possessed the gun on the night in question because he was planning to shoot a man named Face.

## C. Sentencing

At the sentencing hearing on May 27, 2010, the District Court adopted the Pre-Sentence Report ("PSR") in substantial part. The PSR calculated that the base offense level was 20, pursuant to U.S.S.G. § 2K2.1(a)(4). It added two levels pursuant to § 2K2.1(b)(4)(A), because the firearm was stolen; four levels pursuant to § 2K2.1(b)(6), because Colon used or possessed the firearm in connection with another felony offense, and six levels pursuant to § 3A1.2(c), because Colon had assaulted a law enforcement officer during the offense.

The District Court accepted each of the enhancements except the two-level enhancement for the stolen firearm, yielding a total offense level of 30. Given Colon's criminal-history category of III, this yielded an advisory range of 121 to 151 months

5

(without regard to the statutory maximum of 120 months).  The District Court ultimately imposed the maximum lawful sentence of 120 months.

## II.  Discussion[1]

### A.  The Evidentiary Ruling

Colon's main contention is that by permitting Phock and Lam to testify that he intended to shoot "Face," the District Court violated Federal Rule of Evidence 403, which provides that relevant evidence may excluded "if its probative value is substantially outweighed by the danger of unfair prejudice."  Fed. R. Evid. 403.  While Colon does not fault the District Court for permitting Phock and Lam to testify that he had admitted possessing the gun, he argues that the additional information that he planned to shoot Face would only inflame the jury.

Because the District Court explained its evidentiary ruling on the record, we review that ruling for abuse of discretion.  *United States v. Murray*, 103 F.3d 310, 318 (3d Cir. 1997).  Colon cannot show such an abuse, for as we have previously held, a motive to commit gun violence may be properly admitted in a prosecution for unlawful possession of a firearm:

> The Dissent questions whether motive is "relevant in a case such as this . . . [because] we are not faced with a situation where answering 'why' would help solve the crime. . . ."  Motive is one of the permissible purposes listed in Rule 404(b) not because the "why" helps solve a crime, but because it is highly relevant to show that a defendant had a motivation to commit the crime for which he is being charged. *In a case like this, where Lee is*

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

6

*asserting that he never had a gun on the day in question, it is important to know that he had a personal motivation to possess a gun.* Indeed, someone who is involved in an ongoing feud — a feud during which guns have been used — is far more likely to have a gun in his possession than someone who is not involved in such a feud.

*United States v. Lee*, 612 F.3d 170, 187 n.19 (3d Cir. 2010) (citation omitted and emphasis added); *see also United States v. Harris*, 587 F.3d 861, 868 (7th Cir. 2009) (holding that evidence of gang membership was admissible because "[t]he testimony also reflected Harris's motive for possessing these particular firearms"); *United States v. Weems*, 322 F.3d 18, 25 (1st Cir. 2003) (holding that evidence that defendant's residence "was a drug house" was relevant because it "gave Weems a motive to have the gun on him").

In light of our precedent holding that evidence of motive is admissible to prove possession of a firearm, the District Court's evidentiary ruling was not an abuse of discretion.

## B. The Sentencing Issues

Colon also challenges the two sentencing enhancements applied by the District Court that arose from his assault of the officers (that is, § 2K2.1(b)(6) and § 3A1.2(c)). We "review factual findings relevant to the Guidelines for clear error." *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007). "When a sentencing court clearly errs in making factual findings, the resulting sentence will generally be deemed unreasonable and, subject to the doctrines of plain and harmless error, will result in remand to the

7

district court for resentencing." *United States v. Ali*, 508 F.3d 136, 143 (3d Cir. 2007).

In applying these two enhancements, the District Court noted that "both officers testified that the defendant pointed the gun at them during the course of an arrest." (A553.)  As Colon argues, this recollection was incorrect; Slobodrian testified that Colon pointed the gun at him and Ramos (A302), but Ramos testified that he did not see the handgun until it had fallen to the floor.  (A177.)  This error was harmless, however, as Slobodrian's undisputed testimony that the gun was pointed at him was a sufficient basis for the District Court to apply the two enhancements.  In other words, had the District Court found that the gun was pointed only at Slobodrian, its Guidelines calculations would have been identical.  Because Colon does not raise a challenge to the substantive reasonableness of his sentence, we need not determine whether the District Court's incorrect recollection of Ramos's testimony might have been relevant under Section 3553.[2]

### III.  Conclusion

We will affirm the judgment of the District Court.

---

[2] Colon also contends that 18 U.S.C. § 922(g) exceeds Congress's power under the Commerce Clause.  We have considered and rejected this argument, and as Colon concedes, we are bound by *United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001).

*United States v. William Colon,*
No. 10-2549

TASHIMA, Circuit Judge, dissenting:

Because I would reverse the conviction and remand for a new trial, I respectfully dissent.

This was a close case, and the 403 evidence played a pivotal role in the re-trial, which ended with a conviction, after the first trial ended in a hung jury. Two jailhouse informants, Hon Phock and Sica Lam, testified that defendant Colon admitted to them that he possessed a gun on the night in question, and that he possessed the gun because he intended to shoot a man named "Face" over a drug debt. The defense's objection that the second half of this statement – about the purpose for which Colon possessed a gun – should be excluded under Fed. R. Evid. 403 was overruled.

Although, as the majority points out, the District Court did state that "the probative value, that is the admission, is not substantially outweighed by any amount of unfair prejudice," Maj. Op. at 3-4 (quoting District Court's ruling), we have held that such a conclusory statement, without more, does not constitute a "rational explanation" of the trial court's reasoning. *United States v. Palma-Ruedas*, 121 F.3d 841, 852 (3d Cir. 1997), *overruled on other grounds by United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999). The District Court's reasoning on the Rule 403 objection is not apparent from the

1

record in this case.[1]  Therefore, I believe our review of the District Court's ruling on this point should be de novo.  *See United States v. Sriyuth*, 98 F.3d 739, 745 n.9 (3d Cir. 1996); *United States v. Himelwright*, 42 F.3d 777, 781 (3d Cir. 1994).

The majority concludes that the District Court did not abuse its discretion because "evidence of motive is admissible to prove possession of a firearm."  Maj. Op. at 7.  Like the District Court, however, the majority engages in only half the inquiry required by Rule 403.  Evidence does not need to lack any probative value whatsoever to be subject to exclusion under Rule 403.  Instead, the Rule 403 analysis is a balancing test that requires the District Court to balance the probative value against the danger of unfair prejudice.  The greater the danger of unfair prejudice, the more probative the evidence needs to be to pass muster under the test.  *See United States v. Murray*, 103 F.3d 310, 319 (3d Cir. 1997).

The majority cites to our recent holding in *United States v. Lee*, 612 F.3d 170 (3d

---

[1]  In an initial discussion with counsel of the defense's objection to the testimony prior to trial, the District Judge appeared to be weighing the Rule 403 factors of probative value and undue prejudice.  But the District Judge did not rule on the issue that day.  Instead, he discussed the objection with counsel again in a sidebar during the trial.  During this discussion, the District Judge focused mainly on the Rule 404(b) analysis, discussing, for example, whether testimony that Colon planned to shoot Face and that the shooting would have been over a drug deal constituted "intrinsic" evidence.  Eventually the District Judge concluded that the fact that Colon planned to shoot Face "would be intrinsic evidence" and "would have proper purpose" under Rule 404(b) "to show the circumstances of the case, and the reason why the defendant . . . had a gun that night."  He then made the conclusory statement that "the probative value, that is the admission, is not substantially outweighed by any amount of unfair prejudice."

2

Cir. 2010), but that case is clearly distinguishable for several reasons. First, the court in that case found that the evidence in dispute was "highly probative." *Id.* at 190. The defendant in that case had, like Colon, been convicted of being a felon in possession of a firearm. *Id.* at 174. He had stated to a police officer that he did have access to guns and would use them against anyone who threatened him or his family; however, he denied possessing any guns at the time that he was charged, and the government's case was based largely on circumstantial evidence. *Id.* at 175-76. Lee's statements about his willingness to shoot people, because they showed that he had a motive to possess a gun, *were* highly probative in the context of the rest of the available evidence. Here, in contrast, the government also offered testimony that Colon had admitted that he had a gun on the night in question. While the Face testimony does supply a motive for possession, motive is of little probative value when a flat-out confession is offered into evidence. *See Old Chief v. United States*, 519 U.S. 172, 185 (1997) (the probative value of a piece of evidence should be evaluated in comparison to the probative value of "evidentiary alternatives"); *cf. United States v. Universal Rehabilitation Servs.*, 205 F.3d 657, 667 (3d Cir. 2000) (en banc) (deciding against Rule 403 exclusion in part because alternative evidence was not equally probative with the evidence in dispute).

Second, the danger of unfair prejudice from the admitted evidence in *Lee* was far less than in this case. Lee had simply stated that he was willing to use guns in response to threats. But the testimony in this case was that Colon planned to commit a

premeditated murder that was not motivated by self-defense.

Here, the prejudicial effect of the statement was devastating – Colon was, in effect, being charged with a much more serious crime – premeditated murder – than the crime for which he was on trial. And the government, in closing argument, impressed the jury with this fact.[2] The District Court gave no limiting instruction.[3]

In *Old Chief*, the Supreme Court was faced with a similar Rule 403 issue of whether, in a § 922(g) prosecution, the government was entitled to admit the identity and description of the prior offense, as well as the fact of the prior conviction. Noting that "there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant," 519 U.S. at 185, the Court answered the question in the negative. *Id.* at 191-92. Thus, it cannot be gainsaid that evidence of the *purpose or motive* for which Colon was carrying a gun was highly prejudicial. And the District Court erred by not, explicitly on the record, weighing this prejudicial effect against the statement's additional probative value, as required by Rule 403 and our case law.

In the circumstances of this case, I cannot conclude that the error was harmless.

---

[2] The government referred to this testimony several times during its closing argument, noting at one point that Colon was out on the street because "he was going to hit up a man named Face. He was going to hit him up. He was going to shoot him."

[3] Colon did not request a limiting instruction and I am not suggesting that the District Court erred by not giving one *sua sponte*; however, the absence of a limiting instruction undoubtedly aggravated the prejudicial effect of the Face testimony.

Not only was this case tried twice, but the testimony of the Philadelphia police officers was riddled with inconsistencies, including inconsistencies with the Taser's internal records.  On the record of this case, I am unable to conclude that it is "highly probable" that the evidence "did not contribute to the jury's judgment of conviction."  *United States v. Jannotti*, 729 F.2d 213, 219-20 (3d Cir. 1984) (quoting *Gov't of Virgin Islands v. Toto*, 529 F.2d 278, 284 (3d Cir. 1976)).

Because I would reverse the conviction and remand for a new trial, I respectfully dissent.